FILED
VANESSA L. ARMSTRONG, CLERK
JUL 25 2018
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CRIMINAL ACTION NO. 3:16CR-00120-JHM

UNITED STATES OF AMERICA                                PLAINTIFF

VS.

CHAVON DAVIS                                            DEFENDANT

## JURY INSTRUCTIONS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

These instructions will be in three parts: first, general rules that define and control your duties as jurors; second, the rules of law that you must apply in deciding whether the Government has proven its case; and third, some rules for your deliberations. A copy of these instructions will be available for you in the jury room.

### I. GENERAL RULES CONCERNING JURY DUTIES

It is your duty to find the facts from all the evidence in the case. You must apply the law to those facts. You must follow the law I give to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law, as you gave your oaths to do at the beginning of this case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions, or into anything I may have said or done, any suggestion as to what verdict you should return -- that is a matter entirely for you to decide.

The lawyers may refer to some of the governing rules of law in their arguments. However, if any differences appear to you between the law as stated by the lawyers and what I



state in these instructions, you are to be governed solely by my instructions.

## BURDEN OF PROOF

The defendant is presumed innocent. The presumption of innocence remains with him unless the government presents evidence that overcomes the presumption and convinces you beyond a reasonable doubt that he is guilty. The defendant has no obligation to present any evidence at all or to prove to you in any way that he is innocent. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crimes charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence. Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, then say so by returning a guilty verdict. If you are not convinced, then say so by returning a not guilty verdict.

## EVIDENCE

The evidence from which you are to decide what the facts are consists of (1) the sworn testimony of witnesses both on direct and cross-examination, regardless of who called the witness; (2) the exhibits that have been received into evidence; and (3) any facts to which the lawyers have agreed or stipulated to or that have been judicially noticed.

## WHAT IS NOT EVIDENCE

You must remember that the indictment is not evidence of any guilt. It is simply the formal way the government tells the defendant what crime he is accused of committing. It does not even raise any suspicion of guilt and you may not consider it as such. Furthermore, the following things are not evidence and you may not consider them in deciding what the facts are:

1) Arguments and statements by lawyers are not evidence;

2) Questions and objections by lawyers are not evidence;

3) Testimony I have instructed you to disregard is not evidence; and,

4) Anything you may have seen or heard when the Court was not in session is not evidence.

## STATE OF MIND

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a fact or chain of facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

## CREDIBILITY OF WITNESSES

In deciding what the facts are, you must consider all of the evidence. In doing this, you must decide which testimony to believe and which testimony not to believe. You may disbelieve

3

all or any part of any witness's testimony. You might want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias or prejudice they may have; any interest you may discern that they may have in the outcome of the case; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

In deciding whether to believe a witness, keep in mind that people sometimes forget things. You need to consider, therefore, whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses testifying on one side or the other. You must consider all the evidence in the case, and you may decide that the testimony of a smaller number of witnesses on one side has greater weight than that of a larger number on the other or vice versa.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

All of these are matters for you to consider in deciding the facts.

## OPINION EVIDENCE

You have heard testimony from persons who have testified as an opinion witness. You do not have to accept the opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how the witness reached his or her conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how

4

much weight it deserves.

### DEFENDANT'S ELECTION NOT TO TESTIFY OR PRESENT EVIDENCE

A defendant has an absolute right not to testify or present evidence. The fact that he did not testify or present any evidence cannot be considered by you in any way. Do not even discuss it in your deliberations.

Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt. It is not up to the defendant to prove that he is innocent.

I will now explain the elements of the crimes that the Defendant is accused of committing.

5



## II. RULES OF LAW

## INSTRUCTION NO. 1

### False Statement Made to Firearms Dealer – 18 U.S.C. §922(a)(6)

Title 18, United States Code, Section 922(a)(6) makes it a crime for anyone to knowingly make a false statement to a firearms dealer in order to buy a firearm.

Count 1 charges that on or about May 16, 2016, in the Western District of Kentucky, the Defendant, Chavon Davis, in connection with the acquisition of a firearm, that is, a Springfield Armory, Model 1911 .45 caliber pistol, bearing serial number WW41237, from T-Box Tactical, a licensed dealer of firearms, knowingly made a false and fictitious written statement to an employee of T-Box Tactical, which statement was intended and likely to deceive T-Box Tactical, as to a fact material to the lawfulness of such acquisition of the firearm by the Defendant in that the defendant represented that he was the actual transferee/buyer of the firearm, when in fact, as the defendant knew, he was not the actual transferee/buyer of the firearm.

Count 3 charges that on or about May 24, 2016, in the Western District of Kentucky, the Defendant, Chavon Davis, in connection with the acquisition of a firearm, that is, a Star. Bonifacio Echeverria S.A., .40 caliber pistol, model M40 Firestar, bearing serial number 2041663; a Springfield Armory, .40 caliber pistol, model XD40, bearing serial number XD358757; a Walther model PPS 9 millimeter pistol, bearing serial number PPS382; and a Smith and Wesson model SD9VE, 9 millimeter pistol, bearing serial number FXW4755, from Lotus Gun Works, a licensed dealer of firearms, knowingly made a false and fictitious written statement to an employee of Lotus Gun Works, which statement was intended and likely to deceive Lotus Gun Works, as to a fact material to the lawfulness of such acquisition of the firearm by the Defendant in that the defendant represented that he was the actual transferee/buyer of the firearm, when in fact, as the

defendant knew, he was not the actual transferee/buyer of the firearm.

For you to find the Defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

**First**: That the defendant made a false oral or written statement;

**Second**: That the defendant knew the statement was false;

**Third**: That the statement was made in connection with the acquisition of a firearm from a licensed firearms dealer;

**Fourth**: That the statement was intended or was likely to deceive a licensed firearms dealer; and

**Fifth**: That the alleged false statement was material to the lawfulness of the sale or disposition of the firearm.

Title 18 U.S.C. Section 922(a)(6) does not require a showing that the defendant knowingly violated the law; it simply requires proof that the defendant knowingly made a false statement or knew the statement was false.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on the charge. If you have a reasonable doubt about any one of these elements, then you must find the Defendant not guilty of the charge.

## INSTRUCTION NO. 2

## False Statement Regarding Information Required to be Kept in Record of Licensed Firearm Dealer – 18 U.S.C. § 924(a)(1)(A)

Title 18, United States Code, Section 924(a)(1)(A) makes it a crime for anyone to knowingly make a false statement in a record that Federal law requires a licensed firearms dealer to keep.

Count 2 charges that on or about May 16, 2016, in the Western District of Kentucky, the Defendant, Chavon Davis, knowingly made a false statement and representation to a representative of T-Box Tactical, a licensed dealer of firearms, with respect to information required to be kept in the records of T-Box Tactical, in that the defendant did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, to the effect that he was the actual transferee/buyer of a firearm, that is, a Springfield Armory, Model 1911 .45 caliber pistol, bearing serial number WW41237, when in truth and in fact, he was not the actual transferee/buyer of the firearm.

Count 4 charges that on or about May 24, 2016, in the Western District of Kentucky, the Defendant, Chavon Davis, knowingly made a false statement and representation to a representative of Lotus Gun Works, a licensed dealer of firearms, with respect to information required to be kept in the records of Lotus Gun Works, in that the defendant did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, to the effect that he was the actual transferee/buyer of a firearm, that is, a Star, Bonifacio Echeverria S.A., .40 caliber pistol, model M40 Firestar, bearing serial number 2041663; a Springfield Armory, .40 caliber pistol, model XD40, bearing serial number XD358757; a Walther model PPS 9 millimeter pistol, bearing serial number PPS382; and a Smith

8



and Wesson model SD9VE, 9 millimeter pistol, bearing serial number FXW4755, when in truth and in fact, he was not the actual transferee/buyer of the firearm.

For you to find the Defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

**First**: That the defendant knowingly made a statement or representation in an ATF Form 4473, which is a record that Federal law requires a licensed firearms dealer to keep;

**Second**: That the defendant made the statement or representation to a federally licensed firearms dealer;

**Third**: That the statement was false; and

**Fourth**: the defendant knew the statement or representation was untrue when he made the statement or representation.

Title 18 U.S.C. Section 924(a)(1)(A) does not require a showing that the defendant knowingly violated the law; it simply requires proof that the defendant knowingly made a false statement or knew the statement was false.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on the charge. If you have a reasonable doubt about any one of these elements, then you must find the Defendant not guilty of the charge.

# INSTRUCTION NO. 3

## Definitions

For purposes of these instructions, the following definitions apply:

The term "firearm" means any weapon that will or is designed to or may readily be converted to expel a projectile by the action of an explosive. The term "firearm" also includes the frame or receiver of any such weapon, or any firearm muffler or firearm silencer, or destructive device.

A statement is "false" if it was untrue when made and was then known to be untrue by the person making it.

A false statement is "likely to deceive" if the nature of the statement, considering all of the surrounding circumstances at the time it is made, is such that a reasonable person of ordinary prudence would have been actually deceived or misled.

The term "licensed firearm dealer" means any person who is licensed under federal law to engage in the business of selling firearms at wholesale or retail. The term "licensed dealer" means any dealer who is licensed under federal law.

The definition of "actual transferee/buyer" is the same definition as contained in ATF Form 4473.

The term "knowingly" means that the acts were done voluntarily and intentionally, not because of mistake or accident.



# INSTRUCTION NO. 4

## Testimony of an Informant

You have heard the testimony of Nicolas Cleaver. You have also heard that in exchange for working as a confidential informant he received the dismissal of pending criminal charges and was paid in connection with his role as a confidential informant for the Greater Narcotics Hardin County Task Force.

The use of informants is permissible. But you should consider Cleaver's testimony with more caution than the testimony of other witnesses. Consider whether his testimony may have been influenced by what he received from the task force.

Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his testimony beyond a reasonable doubt.



## INSTRUCTION NO. 5

### Impeachment of a Witness by Prior Conviction

You have heard the testimony of Nicolas Cleaver. You have also heard that before this trial he was convicted of a crime.

This earlier conviction was brought to your attention only as one way of helping you decide how believable his testimony was. Do not use it for any other purpose. It is not evidence of anything else.



# INSTRUCTION NO. 6

## Transcriptions of Tape Recordings

You have heard some tape recordings that were received in evidence, and you were given some written transcripts of the tapes.

Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The tapes themselves are the evidence. If you noticed any differences between what you heard on the tapes and what you read in the transcripts, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of the tapes, you must ignore the transcripts as far as those parts are concerned.



## INSTRUCTION NO. 7
## Other Acts of Defendant

You have heard testimony that the defendant committed crimes or acts other than the ones charged in the indictment. If you find the defendant did those crimes or acts, you can consider the evidence only as it relates to the government's claim on the defendant's motive or plan. You must not consider it for any other purpose.

Remember that the defendant is on trial here only for the acts charged in the indictment, not for the other acts. Do not return a guilty verdict unless the government proves the crime charged in the indictment beyond a reasonable doubt.

14



# INSTRUCTION NO. 8
## Guilt of Others

Remember that whether anyone else should be prosecuted or convicted for any crime is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved this defendant guilty. Do not let the possible guilt of others influence your decision in any way.



# INSTRUCTION NO. 9

The Indictment charges that the crime occurred "on or about" a certain date. Although the government does not have to prove with certainty the exact date of the alleged offense, the government must prove that the offense was committed on a date reasonably near the date alleged.



# INSTRUCTION NO. 10

If you decide that the government has proved the Defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Your job is to look at the evidence and decide if the government has proved the Defendant guilty beyond a reasonable doubt.



## III. JURY DELIBERATIONS

I come now to the last part of the instructions, the rules for your deliberations.

### UNANIMOUS VERDICT

When you retire to the jury room, you will discuss the case with your fellow jurors to reach agreement if you can do so. The first order of business should be the selection of a foreperson. That person will preside over your deliberations and speak for you here in Court. Your verdict, whether it is guilty or not guilty, must be unanimous. To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt. To find the defendant not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt. Either way, guilty or not guilty, your verdict must be unanimous.

### REACHING AGREEMENT

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with each other, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken a great deal of time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. Therefore, it is important that you reach a verdict if you can do so conscientiously. If it looks at some point as if you may have difficulty in reaching a unanimous verdict, you should reexamine your position to see whether you have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with you. You should not hesitate to reconsider your views from time to time and to change them if you think that is appropriate.

It is important that you attempt to return a verdict but, of course, only if each of you can do so after having made his or her own conscientious determination. Do not surrender an honest

18



conviction as to the weight and effect of the evidence simply to reach a verdict.

## NOTES

Now I'd like to say something about the notes you may have taken during the trial. Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you have not taken notes, you should rely upon your independent recollection of the proceeding, and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you have used notes or not, each of you must form and express your own opinion of the facts of the case.

You'll notice that we do have an official court reporter making a record of the trial. However, we will not have a typewritten transcript from the record available for your use in reaching a decision in this case.

## RETURN OF VERDICT FORM

After you have reached unanimous agreement on a verdict, your foreperson will fill in the verdict form that has been given to you and advise the Marshal outside your door that you are ready to return to the courtroom. After you return to the courtroom, your foreperson will deliver the completed verdict form as directed.

## COMMUNICATION WITH THE COURT

Do not talk to the Marshal, or to me, or to anyone else, except each other, about this case. If it becomes necessary during your deliberations to communicate with me, you may send a note through the Marshal signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing or here in open Court. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

19

